IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL SHIPLEY, an
individual,

        Plaintiff,

v.                                                         Civil Action No. _____

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, a corporation,

        Defendant.

## COMPLAINT

### Introductory Allegations

1.    Plaintiff, Michael Shipley, is a resident citizen of the State of Alabama.

2.    Plaintiff is informed and believes and based on such information and belief alleges that Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a foreign corporation which at all relevant times has done or transacted business in the Northern District of Alabama.

3.    In or about March 1995, Plaintiff was forced to stop working as a result of multiple medical problems including AIDS, and multiple side effects from treatment for HIV.  At that time Plaintiff, was employed as a buyer for Talbots, Inc. As a result of these conditions, Plaintiff has continued to be unable to perform his job as a buyer, or to do any other work for which he is qualified by reason of his education, training or experience.

4.    During said time period, Talbots had in force and effect a welfare benefit plan which provided long term disability benefits to its employees through a group policy of insurance with Hartford, which also was the claims administrator for said Plan.  Mr. Shipley made a claim under the Plan in accordance with the terms of that Plan, and his claim for benefits was approved.

However, approximately eight (8) years later, Hartford terminated Plaintiff's benefits after having his records reviewed by a physician who opined that Mr. Shipley had the ability to return to some sort of work. Mr. Shipley appealed that adverse determination, and his benefits under said Plan were subsequently reinstated.

5. Mr. Shipley remained "on claim" for the next eighteen (18) years until his benefits were again terminated in January 2021. On this occasion, Mr. Shipley's benefits were terminated for two (2) reasons. First, Hartford hired private investigators to "surveil" Mr. Shipley; and, according to Hartford, this surveillance revealed Mr. Shipley "demonstrating an ability to walk, carry bags, enter and exit a vehicle, and dine out. You displayed no outward signs of discomfort or instability, during your outing. You were away from your residence from 7:14 am to 4:24pm." Second, Hartford conducted a transferable skills analysis, and identified four (4) alternate semi-skilled or unskilled occupations which Mr. Shipley allegedly could perform which would pay him over 60% of his pre-disability earnings, meaning Mr. Shipley was not disabled from "Any Occupation."

6. Mr. Shipley appealed the January 2021 adverse determination, and on August 12, 2021, submitted the last of his evidence in support of his appeal. This evidence plainly debunked Hartford's reasons for terminating Mr. Shipley's benefits - for instance, Mr. Shipley proved without a doubt that Hartford's surveillance was of someone other than himself. Further, Mr. Shipley proved that Hartford's employment data was wrong, and that the alternate occupations identified by Hartford would not pay him more than 60% of his pre-disability earnings.[1] This should have ended the matter,

---

[1] It should be noted that this was the second time Hartford surveilled the wrong person in connection with this case. Further, Hartford previously obtained an employability analysis which found that there were no unskilled or semi-skilled occupations which would pay Mr. Shipley

and Hartford should have reinstated Mr. Shipley's benefits. However, approximately three weeks after Mr. Shipley submitted the last of his evidence, Hartford produced an entirely new report from another physician it hired to review Mr. Shipley's records. Hartford gave Mr. Shipley just twenty-one (21) days to respond to this surprise evidence. Importantly, this report had not been relied upon by Hartford in its January 2021 benefit termination decision. Plaintiff objected strenuously, arguing that this essentially was a new decision by Hartford and that Mr. Shipley should be given 180 days under ERISA to respond to this new evidence because Hartford essentially had Mr. Shipley chasing ghosts for the previous eight (8) months. It was clear to Plaintiff at this point that he needed ample time to obtain evidence to counter Hartford's new surprise evidence. Hartford refused to give Plaintiff the 180 days he requested, and on November 24, 2021, denied his claim again, alleging he had exhausted all of his administrative remedies. Because Plaintiff's claims herein involve a claim for welfare benefits provided by his employer, his claims are governed by the Employee Retirement Income Security Act ("ERISA").

## COUNT I

### For Denial of Disability Benefits

7. Plaintiff adopts and incorporates by this reference paragraphs 1 through 6, inclusive, of this Complaint.

8. In or about March 1995, Plaintiff became disabled within the meaning of the terms of said Plan, thereby qualifying him for the payment of benefits under that Plan. Plaintiff has remained disabled under the terms of said Plan since that time.

---

more than 60% of his pre-disability income.

9.  According to the Defendant, Plaintiff has exhausted all of his administrative remedies. Plaintiff on the other hand contends that Defendant thwarted his attempts to support his administrative appeal, and alleges that this case should be remanded so that Plaintiff can obtain an Independent Medical Examination to be submitted to Hartford for its consideration.

10. Defendant's denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, was a violation of the ERISA, and/or was arbitrary and/or capricious.  As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff suffered injuries and damages, including, but not limited to the following:

(a)  loss of monetary benefits as set forth within the Plan.

WHEREFORE, Plaintiff alternatively demands a) that this case be remanded for additional administrative consideration; or, b) that judgment be entered against Defendant for compensatory damages and/or equitable relief in an amount to be determined by the Court, plus pre-judgment and post-judgment interest, costs of this suit, and a reasonable attorney's fee.

*/s/ John M. Pennington*
John M. Pennington, Attorney
Counsel for Plaintiff
1023 Edenton Street
Birmingham, Alabama 35242
(205) 314-5735
Ala. Bar No. ASB-6905-N52J

Serve Defendants Certified Mail
Return Receipt Requested at:

Hartford Life and Accident Ins. Co.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104